**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **DAVID WADE BARTLETT,** | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:09-CV-53 (WLS) |
| VS. | : | |
| | : | |
| **VANESSA O'DONNELL,** | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

Before the court is David Wade Bartlett's 28 U.S.C. §2254 petition seeking habeas corpus relief. Doc. 1. In this petition, Bartlett alleges ineffective assistance of counsel and a violation of his Fourth Amendment right to be free from unlawful search and seizure. For the reasons that follow, **IT IS RECOMMENDED** that the instant petition be **DENIED**.

## PROCEDURAL HISTORY

Following a trial held August 29-31, 2005, a Houston County, Georgia jury found Petitioner guilty of trafficking in methamphetamine, possession of a firearm during the commission of a crime, and possession of methamphetamine. The trial court imposed a "split" thirty year sentence, serve fifteen in custody and the balance on probation, for trafficking in methamphetamine; a consecutive five years to serve for possession of a firearm during the commission of a crime; and fifteen years to serve for possession of methamphetamine, concurrent with the trafficking sentence.

Following an unsuccessful motion for new trial, Petitioner filed a direct appeal. The Georgia Court of Appeals affirmed Petitioner's convictions and sentences and denied his subsequently filed motion for reconsideration. Petitioner did not file a state habeas corpus petition challenging his conviction.

On February 9, 2009, Petitioner filed the instant habeas petition alleging two grounds for relief. In ground one, Petitioner raises allegations of ineffective assistance of counsel. In ground two, he contends that his conviction was the result of an unconstitutional search and seizure.

STATEMENT OF FACTS

In accordance with 28 U.S.C. § 2254(e)(1), and for purposes of considering the instant petition, the facts as found by the Georgia Court of Appeals on direct appeal of Petitioner's criminal case are adopted by this court. These facts are as follows:

> [A]n officer was called to a Holiday Inn to investigate the theft by taking of a "Dale Earnhardt collectable towel." The motel manager told the officer that he had asked the occupants of a certain room to vacate the premises, but the individuals were still in the room. The manager also told the officer that these same individuals were likely involved in the theft of the towel. While the officer was speaking with the motel manager, Bartlett walked out of the motel room in question and placed two suitcases outside the door. The officer approached Bartlett and inquired about the towel, and asked Bartlett for identification. Bartlett informed the officer that his driver's license was revoked and that he was not driving. The officer then walked inside the motel room, but did not see the towel in plain view. Bartlett told the officer that his companion "had the towel and the towel could be in the car." The officer noticed that a lieutenant had arrived and made contact with Angela McAtee who was standing beside a car and calling out to Bartlett. The officer then asked McAtee for consent to search the car and she consented.
>
> When the officer opened the car door, he observed the butt end of a handgun underneath the floorboard. The officer retrieved the gun and called in the gun's serial number to police dispatch. While waiting for a response from dispatch, the officer asked Bartlett if he could conduct a pat down of his person. Bartlett consented and the officer found approximately $2000 in cash in Bartlett's front pocket. As Bartlett and the officer began to discuss the cash, police dispatch informed the officer that the gun was stolen. The officer then placed both Bartlett and McAtee under arrest and conducted a search of their persons and of the vehicle incident to that arrest. Inside the vehicle, officers found a bag of about "three to four ounces" of suspected methamphetamine. Officers also found a small bag of suspected methamphetamine in Bartlett's pants pocket.
>
> Bartlett v. State, No. A07A2322, (Ga. App. Feb. 14, 2008).

## NEED FOR AN EVIDENTIARY HEARING

Under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §2244, if an applicant has failed to develop the factual basis of a claim in state court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that: (A) the claim relies on: (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). After a review of the record in this case, and in light of the fact statement set forth above, no evidentiary hearing is warranted in this case.

## LEGAL STANDARDS

In accordance with the provisions of 28 U.S.C. § 2254(d), this Court is prohibited from granting relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

A state court decision is "contrary to" clearly established federal law if either "(1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case. "Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). An "unreasonable application" of clearly established federal law may occur if the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case." Id. "An unreasonable application may also occur if a state court

unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Id. Moreover, when a "state court's application of federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003).

DISCUSSION

Ground One

**Counsel's Performance Before Trial**

In ground one of his petition, Petitioner alleges that he received ineffective assistance of counsel in connection with a pre-trial hearing on his motion to suppress. According to Petitioner, just before the suppression hearing began, Fred Graham, one of his two trial attorneys, informed him that he had just spoken with co-defendant Angela McAtee and that, during this conversation, McAtee stated that she did not give consent for the search of Petitioner's vehicle as alleged by the state. When questioned by Graham during the hearing, McAtee indicated that she did consent to the search. Petitioner contends that Graham challenged this testimony by asking McAtee whether she had previously told him a different story, but chose not to pursue this challenge further by stepping down as counsel in order to become a witness on behalf of his client.[1] The motion to suppress was denied. According to Petitioner, Graham's decision not to step down in order to testify on his behalf constitutes ineffective assistance of counsel.

Petitioner's claim of ineffective assistance on the motion to suppress is procedurally defaulted. In spite of the fact that he had new counsel, Petitioner did not raise this allegation post-trial or on direct appeal. For this reason, this claim can only be considered on its merits upon

---

[1]Petitioner's description of the motion to suppress hearing is inconsistent with the transcript of the hearing. The transcript indicates that Ms. McAtee had previously represented to Mr. Graham that she was not aware of any drugs in the hotel room or the car, but testified at the hearing that she "had some kind of knowledge" of cocaine being in the vehicle. Hearing Trans. 53 (Doc. 14-3).
    There is nothing in the transcript to indicate that Ms. McAtee had made an inconsistent statement about her consent to search the vehicle. When Mr. Graham asked Ms. McAtee about her response to the officers' request for consent, she testified, "I told them I didn't mind, but I didn't have the keys." Id. at 52.

-4-

a showing that a state court judge would find that the claims "could not reasonably have been raised in the original or amended [state habeas] petition." O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998). No such showing has been made. Thus, further consideration of this claim is precluded.

## Counsel's Performance at Trial

Petitioner's second allegation of ineffective assistance of trial counsel involves trial counsel's treatment of two videotaped statements of Ms. McAtee, recorded soon after she and Petitioner were arrested. According to Petitioner, trial counsel was ineffective because he failed to use these videos to impeach Ms. McAtee's testimony.

Petitioner raised this claim in his motion for new trial and on direct appeal. The trial court conducted a hearing on the motion for new trial. Petitioner was represented by new counsel at the hearing, and Petitioner's new counsel thoroughly examined both of Petitioner's trial attorneys. Attorney Graham testified that he did not recall his specific reasons for deciding not to use the videotapes in cross-examining McAtee, but stated generally that it was a strategic decision.

Upon considering the merits of this claim on Petitioner's motion for new trial, the trial court found no deficiency in trial counsel's performance. Indeed, the trial court concluded that, "even if there were something which could be considered deficient, given the facts and circumstances of the case, there is no reasonable likelihood the jury would have found [Petitioner] not guilty, but for the deficiency." Doc. 14-2, p6. In a similar fashion, after correctly citing and explaining the relevant test from the case of Strickland v. Washington, 466 U.S. 668 (1984), the Georgia Court of Appeals also found no deficiency. Bartlett v. State, No. A07A2322, (Ga. App. Feb. 14, 2008).

The record in the docket of this case supports the finding of the trial court on motion for new trial. Though there is nothing in the record concerning the specific substance of the videotapes, Petitioner's allegations and Graham's testimony indicate that one of the tapes generally showed that McAtee was extremely intoxicated and "did not have control of herself" at the time of the arrest.

Petition (Doc. 1-2, pp. 4-5), Hearing Trans. 47 (Doc. 14-10). Petitioner contends that this evidence would have supported his claim that McAtee was unable to give consent to the search of the vehicle.

Review of the trial transcript indicates that any evidence from the videotape would have been cumulative at most. On cross examination of McAtee, Graham thoroughly explored the issue of McAtee's intoxication at the time of her arrest. McAtee testified that, after giving consent to search but before giving her first video-taped statement to police, she took some Xanax pills that were in her pocket. Trail Trans. 105-108 (Doc. 14-4, pp. 108-111). According to McAtee, as a result of taking the Xanax, she "was really out of it" and "didn't remember making the tape." Trail Trans. 106 (Doc. 14-4, p. 109). Because the issue of McAtee's intoxication was raised in her trial testimony, Graham's decision not to attempt to use the videotapes as impeachment evidence was a reasonable tactical decision and did not prejudice Defendant.

Because the state courts identified and properly applied the appropriate legal standard, their conclusion that Petitioner received adequate counsel is entitled to deference. Thus, Petitioner's request for relief on this claim fails.

## Ground Two

In ground two of his federal petition, Petitioner Bartlett claims that his conviction was the result of evidence discovered during an unconstitutional search of his automobile. This issue is precluded from review. In Stone v. Powell, 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976), the Supreme Court stated that when a petitioner is afforded the opportunity for full and fair litigation of a Fourth Amendment claim in state court, he is precluded from having the claim considered in a federal habeas proceeding. See also Hance v. Zant, 696 F.2d 940, 947 (11th Cir.), cert. denied, 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983). In this case, the record reveals that Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim in connection with his pretrial motion to suppress, his motion for a new trial, and in his direct appeal. Accordingly, he is precluded from litigating his Fourth Amendment claim in this Court.

CONCLUSION

Because the Petitioner has failed to demonstrate that any claim adjudicated on the merits in the state court resulted in a decision that was: 1) unreasonable in light of the evidence; or 2) contrary to or the result an unreasonable application of clearly established federal law as determined by the United States Supreme Court, **IT IS RECOMMENDED** that his petition be **DENIED.**

In addition, and pursuant to the requirements of § 2254 Rule 11(b), it does not appear to that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served with a copy thereof.

**SO ORDERED**, this 16th day of May, 2011.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge